UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NANCY A. TULLIE,<br>   Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL LIFE<br>INSURANCE COMPANY OF<br>AMERICA,<br>   Defendant. | C.A. No. 16-662-JJM-PAS |

## ORDER

Nancie A. Tullie was disabled due to several severe medical conditions such that she found herself unable to work. From May until the end of December in 2014, she received long-term disability benefits (LTD Benefits) through her employer's ERISA welfare-benefits policy,[1] but Prudential Life Insurance Company, the administrator of the insurance policy that funded the Plan, terminated her benefits on January 1, 2015. Ms. Tullie's condition had not changed at the time of the cancellation and, after exhausting her internal appeals, she brought this suit against Prudential, seeking a review of its termination of her LTD Benefits.

Ms. Tullie filed a motion seeking the Court's preliminary determination of whether the proper standard of review to assess Prudential's denial of LTD Benefits is *de novo* or abuse of discretion. Ms. Tullie urges the Court to apply the default *de novo* review, claiming that it is dictated by First Circuit precedent as the policy

---

[1] Her employer, Automatic Data Processing, Inc., had a Long-Term Disability Plan.

language does not grant discretionary authority to Prudential to determine eligibility for benefits. Prudential advocates for the more deferential abuse of discretion standard, arguing that the policy language itself does grant it discretion. In addition to this threshold issue, another dispute arose during the briefing that was the result of the fact that the Plan in effect when Ms. Tullie became disabled was amended before her benefits were terminated. Therefore, before the Court attempts to resolve the standard of review issue, it must determine which version of the LTD Plan controls the discretion discussion.

*Which Plan Controls*

The two plans are the Flex Plan 2000 effective January 1, 2005 (2005 Flex Plan) and the Flex Plan 2000 effective December 8, 2014 (2014 Flex Plan), which amended the 2005 version. Ms. Tullie advocates that the 2005 Flex Plan controls, arguing that it was in effect on the day she was deemed disabled and awarded benefits and that Plan's language controls this Court's determination of the standard of review, not the language of the Plan that was amended thereafter. She also points to a Group Contract provision that mandates that amendments will not affect a claim incurred before the filing date. Prudential argues that the amended 2014 Flex Plan is the operative document because it was the Plan in effect when Ms. Tullie was receiving LTD Benefits.[2] Prudential discounts the applicability of the cited provision to Ms. Tullie's ERISA claim under the Flex Plan.

---

[2] Prudential argues in the alternative that it does not matter which Plan controls because <u>both</u> contain sufficient discretionary language for the Court to find that the proper standard of review is abuse of discretion.

After reviewing the parties' arguments and the documents themselves, the Court finds that the 2005 Flex Plan is the operative document. The Group Contract dated January 1, 2000 (ECF No. 19-4) includes a Certificate of Insurance. The 2005 Flex 2000 Plan incorporates by reference the Group Contract and the Group Certificate. The Group Contract provides that any "amendment will not affect a claim incurred before the date of change." *Id.* at 7. The 2014 Flex Plan, amended on December 8, 2014, came <u>after</u> Ms. Tullie's claim was incurred and therefore it will not and cannot affect her already-filed claim. Instead, her claim continued to be governed by the language contained in 2005 Flex Plan 2000, the Plan in effect on the date she was found disabled. *See DiGiovanni v. Guardian Life Ins. Co. of Am.*, No. CIV.A 98-10908-GAO, 2002 WL 1477175, at *2 (D. Mass. June 28, 2002). The rules providing ERISA benefits cannot unilaterally change after a person files a claim and the language from the relevant Plan document mandates this principle.

The Court now turns to the question of whether the 2005 Flex Plan 2000 grants discretionary authority to Prudential to determine eligibility for benefits such that the abuse of discretion–as opposed to the default de novo–standard of review applies to the Court's review of Prudential's termination of Ms. Tullie's benefits.

*Standard of Review–De Novo or Abuse of Discretion*

The First Circuit Court of Appeals recently gave district courts clear direction about how to review an ERISA plan in order to determine the correct standard of review. *Stephanie C. v. Blue Cross Blue Shield of Massachusetts HMO Blue, Inc.*, 813 F.3d 420, 427 (1st Cir. 2016). That Court noted that "a challenge to a denial of

benefits is to be reviewed de novo 'unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'" *Id.* (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). Specifically, the Court must determine that the authority given is explicitly stated and that Plan participants were adequately notified of it. *Gross v. Sun Life Assur. Co.*, 734 F.3d 1, 14 (1st Cir. 2013). If that is the case, the more discretionary standard of review applies and "the claims administrator's decision will be upheld unless it is arbitrary, capricious, or an abuse of discretion." *Stephanie C.*, 813 F.3d at 427 (citing *Colby v. Union Sec. Ins. Co. & Mgmt. Co. for Merrimack Anesth. Assocs. LTD Plan*, 705 F.3d 58, 61 (1st Cir. 2013)).

Because the default standard is *de novo*, the burden is on Prudential to establish that its discretionary authority was explicit and that Ms. Tullie was given notice of same. On the first point, the First Circuit has acknowledged that "[w]hile the choice of standards is clear-cut, there remains considerable debate over what language constitutes a sufficiently clear grant of discretionary authority to transform judicial review from de novo to deferential." *Brigham v. Sun Life of Canada*, 317 F.3d 72, 81 (1st Cir. 2003). That Court recognized that there are no magic words that make this inquiry fool-proof, but did endorse the "safe harbor" language that the Seventh Circuit proposed should be included in ERISA plans in order to explicitly establish fiduciary discretionary authority; that is, Plans should state that "'Benefits under this plan will be paid only if the plan administrator decides in his discretion that the applicant is entitled to them.'" *Id.*

4

In support of its argument that it had explicit authority and sufficiently notified Ms. Tullie, Prudential points to three statements in the "Declaration in Support of the Employer Plan Documents Applicable To Plaintiff's Claim for Benefits." ECF No. 21 at 2.

- "The Claims Administrators shall have the discretionary authority to make claim determinations as specified under Section 7." ECF No. 21-2 at 14;
- "Benefits under the Plan will be paid only if the Plan Administrator, or its delegate, determines in its discretion that the Covered Person is entitled to them." *Id.* at 30; and
- "The insurance company has the sole discretionary authority to interpret and apply the terms of the insurance policy. In the event the insurance company determines a benefit is not payable under the terms of the policy, the benefit will not be payable under any other terms of the Plan, this Supplement F, or the Summary Plan Description." *Id.* at 73.

Upon review of this language in the context of the Group Contract and properly incorporated documents, the Court finds that the quoted passages in the 2005 Flex Plan 2000 do not help Prudential overcome its burden. The first two provisions are inapplicable to Ms. Tullie's claim because they both refer only to non-ERISA claims. *See id.* at 30 (Section 7.2: Non-ERISA claims Under the Flexible Benefits Feature and dependent Care Flexible-Spending Account"). The third provision Prudential cites is

contained in Supplement F, which explicitly states that supplement provisions are subordinate to "the terms of the insurance policy" and the group plan. Because neither the policy nor the Plan include any form of "safe harbor" discretionary language, the Supplement F provision does not help Prudential to make its standard of review case.

*Conclusion*

The 2005 Flex Plan 2000 is the operative document in this case because it was in effect when Ms. Tullie was first awarded benefits. And because that document did not convey discretionary authority to Prudential to determine eligibility for benefits or to construe the terms of the Plan, the default standard of review–*de novo*–applies to this appeal. Ms. Tullie's Motion to Determine that Standard of Review is De Novo (ECF No. 17) is GRANTED.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

December 4, 2017